REGAN, Judge.
Plaintiff, Anthony J. Maealuso, the owner of a 1941 Oldsmobile, instituted this suit against the -defendants, Miss Joyce M. Herrin and George J. Miller, - endeavoring to recover the sum of $186.90 representing property damage incurred on the night of September 28th, 1945, at about 9:50’ p. rrt. by virtue of a collision between the automobiles of the defendants, in the inter- *582 section of Leonidas and Apple Streets, in the City of New Orleans; and as a sequel thereof, the Herrin automobile struck the parked car of plaintiff in Apple Street, about twenty to thirty feet removed from Leonidas Street.
Miller answered and denied that he was guilty of any negligence and averred that the negligence of Miss Herrin was the cause of the accident; that the negligence of Miss Herrin was also the only cause of the collision between her car and that of the plaintiff.
Miss Herrin answered and denied that she was guilty of any negligence and alleged that the accident was caused entirely by the negligence of Miller.
There was judgment in the court, a qua, in favor of plaintiff and against George J. Miller in the sum of $186.90 and dismissing plaintiff’s suit as to Miss Herrin. From this judgment Miller has appealed.
Plaintiff took no appeal from that part of the judgment which dismissed his suit against Miss Herrin. Plaintiff, in his answer to the appeal perfected by Miller, endeavored to bring into this court Miss Herrin, who properly moved to dismiss plaintiff’s answer to the appeal, and in an opinion rendered by us on March 12th, 1951, in a suit entitled Macaluso v. Herrin, La.App., 51 So.2d 125, we were of the opinion that “the law is well settled to the effect that an answer to an appeal by a plaintiff cannot serve to bring into court parties against whom his demands have been dismissed.”
The record reveals, as we have observed on other occasions, factual disputations ad infinitum, almost always present in an in-tersectional collision. However, the essential aspect of the matter reflects these relatively undisputed facts.
Leonidas and Apple Streets are conventional paved roadways. Merely for the purpose of orientation and only to encompass the situs of the accident, Leonidas Street extends from Pontchartrain Boulevard to S. Claiborne Avenue and Apple Street extends from Monroe to S. Carroll-ton Avenue.
Prior to the collision, the Miller car was driving in Leonidas Street in the direction of Apple Street, and the Herrin car was driving in Apple Street towards Leonidas Street.
Miller testified that he was operating his automobile in the right traffic lane of Leonidas Street at a speed of between twenty and twenty-five miles per hour; that when he neared the intersection he observed to his right the glare of an automobile’s headlights and being cognizant of the fact that the corner is, what is colloquially designated as a “blind corner”, reduced his speed to approximately fifteen miles per hour and simultaneously sounded the horn; he then entered the intersection and actually observed the car of Miss Her-rin ; that instantly the brakes were applied but not in sufficient time to avert the collision and, as a sequel thereof, the car operated by Miss Herrin was deflected to the left side of Apple Street, wherein it continued about twenty feet and struck the plaintiff’s parked automobile.
Miss Herrin testified that she was driving at about fifteen miles per hour in Apple Street towards Leonidas Street; that the headlights on her car were burning; that she reduced the speed of her car to approximately five miles per hour before she reached the intersection and shifted into second gear “to gain a little speed because I had almost come to a stop”; she did not notice any cars in Leonidas Street emanating from either direction; she then proceeded to cross Leonidas Street and when she “was more than half way across Miller’s car struck the left rear fender of her car”; in an effort to circumvent the accident she “tried to put a little speed to the car to go forward to get out of his way”, but was unable to avoid the accident; the collision caused her automobile to be driven into plaintiff’s car, resulting in the damage which is the subject of this litigation.
Miller concedes that at the moment of the collision the bumper of his car had reached the center of the intersection and that the rear of Miss Herrin’s car had *583 crossed the center of the intersection when his car struck the Herrin car.
Miller testified that when he first observed the beam or glare of headlights emanating from his right in Apple Street, he did not know “if they were from a parked car or from one entering there, due to the fact that is a blind corner and you couldn’t see” and when he first observed these headlights he was “about three cars” or “three car lengths” from the intersection and the distance was ample to observe “the glare of the headlights.”
Miss Herrin is not now a codefendant herein, a fortiori, the only question posed for our consideration is whether Miller’s negligence was the sole or contributing cause of the accident and the resulting damage to the parked automobile of plaintiff.
We are of the opinion that the positive admissions of Miller convicts him of gross negligence, especially in view of the significant fact that he testified that the corner to his right was a blind corner, but despite this obstruction to his vision, he was afforded an opportunity to observe the reflected glare or beam of headlights of either a parked or moving automobile emanating from Apple Street and across his path, when he was about three car lengths removed from the intersection; therefore, possessing this knowledge, he enjoyed a position of advantage, in that he was adequately forewarned, within a sufficient distance to stop, of the possibility of an impending accident. If he had, under these circumstances, exercised the natural prudence which usually motivates the self-preservation instinct of the ordinary reasonable man, he could and should have avoided the collision. The record and resulting accident proves that he choose to abandon, suppress or ignore knowledge which was his.
We are of the opinion that plaintiff has proven his damages in the amount of $186.-90.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.
JANVIER, J., absent, takes no part.